Lee Phillips
Law Office of Lee Phillips, P.C.
209 N. Elden Street
Flagstaff, AZ 86001
928.779.1560
928.779.2909
leephillips@leephillipslaw.com

Arthur Loevy *admitted pro hac vice*
Stephen Weil *admitted pro hac vice*
Maria Makar *admitted pro hac vice*
Megan Porter *admitted pro hac vice*
Loevy & Loevy
311 N. Aberdeen Street
Chicago, IL 60607
Tel: (312) 243-5900
Fax: (312) 243-5902
weil@loevy.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ARIZONA

| | |
|---|---|
| Renalda Benally,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>Coconino County *et al.*,<br>　　　　Defendants. | Case Number: 3:24-cv-08049-MTL-MTM<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's June 12, 2024 Order (ECF 46),[1] the parties jointly submit this report of their Case Management Conference.

---

[1] The parties jointly prepared this report in a timely manner. Plaintiff counsel undertook responsibility for filing this report. Due to an internal miscommunication the report was not filed by the August 8 due date. Plaintiff counsel apologizes for the oversight.

1

1. **Attendance**: The parties who attended the Rule 26(f) meeting and assisted in developing the joint submissions: *The case management meeting was held on July 16, 2024, and August 5, 2024, via telephone, with follow-up correspondence via email. Attending the July 16 meeting for Plaintiff was attorney Stephen Weil. Attending for the defendants were attorneys David Stoll (Coconino County Defendants) and Ashlee Hesman (Coconino & Navajo County Defendants), Lynette Odom and Sarah L. Barnes (Advanced Correctional Healthcare defendants, and Jack Klecan (Wexford Health Sources Defendants).*

2. **Service**: Any parties that have not been served in this action, and a brief explanation of why those parties have yet to be served. *The following two defendants have not been served: Lindsey Robbins and Deborah Williams. The reasons they have not yet been served are set out in Plaintiff's motion for extension of time to complete service, ECF 66. The Court has granted Plaintiff's motion for extension, ECF 67.*

3. **Statement of the Case**: The parties shall each provide a brief description – not to exceed a page and a half per party – of the principal factual and legal disputes in this matter, as well as the parties' respective positions on each issue.

*Plaintiff alleges that Gibson Benally's health deteriorated over several weeks while he was being held in the Navajo County and Coconino County jails. Plaintiff further alleges that on April 17, 2022, while he was detained at the Coconino County Jail, Mr. Benally started displaying signs of a cardiopulmonary emergency, including dizziness, shortness of breath, and chest pain. Plaintiff alleges that staff at the jail did nothing to address these symptoms despite being aware of them, and that as a result Mr. Benally died of a pulmonary embolism. Plaintiff alleges that the driving force behind the failure to provide him medical care and his ultimate death were policies and practices by Navajo and Coconino Counties, and their medical vendors, of failing to provide appropriate care for serious medical conditions. Plaintiff anticipates*

*factual and legal issues to include whether the conduct of jail staff in reaction to Mr. Benally's symptoms violated his rights under the Fourteenth Amendment. Disputed factual and legal issues will also include whether the institutional defendants in this case—the counties and their contracted private medical providers—are liable under Monell for the conduct of the staff at the jails, particularly whether the institutional defendants' alleged widespread practices of providing inadequate medical care were the driving force behind the inadequate care provided to Mr. Benally.*

*Coconino & Navajo County Defendants:  Plaintiffs allege County Defendants failed to treat or facilitate treatment for Decedent's high blood pressure during his detention at Navajo and Coconino County Jails from March 4 through April 18, 2022.  As a result, Plaintiffs allege Decedent developed deep vein thrombosis and then a pulmonary embolism which caused his death on April 18, 2022.  Plaintiff brings 14th Amendment deliberate indifference to medical care against the individual county defendants and counties through Monell, survival, intentional infliction of emotional distress ("IIED"), and wrongful death claims.  County Defendants deny that they were deliberately indifferent to Decedent's serious medical needs.  They assert that the care they provided was reasonable, appropriate, and exceeded all applicable standards of care and that nothing about Decedent's appearance, condition, or reports required County Defendants to take any additional action.  They further deny that their actions or inactions caused or contributed to Decedent's death or Plaintiffs' injuries.  The individual County Defendants are entitled to qualified immunity.  County Defendants further deny that they have the policies, practices, and customs outlined in Plaintiffs' Complaint and assert that because Plaintiffs cannot establish an underlying constitutional violation, these claims fail.  Further, Plaintiffs' claims fail as the alleged policies, practices, and customs were not the moving force behind the alleged violation and because Plaintiffs' claims are based upon a single incident*

*which is insufficient for Monell liability. Additionally, the individual County Defendants did not breach any duty to Plaintiffs, that their provision of care met or exceeded the standard of care, and that they did not cause Plaintiffs' claimed injuries. Plaintiffs' state-law claims are also subject to dismissal because they failed to properly file a notice of claim prior to bringing suit and their claims are otherwise duplicative, untimely, or improperly pled as outlined in County Defendants' Motion to Dismiss. (Dkt. 58.)*

*Defendants ACH agree with Coconino and Navajo County Defendants' statement of the case as it pertains to the similar claims against the ACH Defendants for the brief timeframe at issue when the ACH Defendants were providing care that is at issue, which was limited to March 4, 2022, to March 13, 2022. The First Amend Complaint contains no specific allegations as to this Defendant and fails to allege any acts by this Defendant that could have contributed to a medical incident well over a month after ACH stopped providing care. ACH denies Plaintiff's claims.*

*Defendant Wexford agrees with and incorporates the above statements of co-defendants. Wexford was involved at Navajo from March 14 to the transfer on March 24 and had only limited involvement. The First Amend Complaint contains no specific allegations as to this Defendant and fails to allege any acts by this Defendant that could have contributed to a medical incident 27 days after transfer from Navajo. Wexford denies Plaintiff's claims.*

4. **Jurisdiction**: The jurisdictional basis for this action, with citations to specific statutes. The parties shall also disclose the citizenship of each party as well as the amount in controversy. *This claim arises under 42 U.S.C. § 1983 and state law. The Court has federal question jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state-law claims.*

5. **Additions and Amendments**: Whether any party anticipates adding additional parties to the case or otherwise amending the pleadings, as well as an estimation of when a party will seek to amend the pleadings. *Plaintiff anticipates amending her complaint in response to the Rule 12 motions filed by certain defendants (ECF 58). Plaintiff may also amend claims in light of information gathered during discovery. Plaintiff does not anticipate adding parties to the case. Defendants anticipate possible amendments to their respective answers depending on any amendments to the operative complaint and/or as discovery warrants.*

6. **Forthcoming Motions**: A list of contemplated motions and a statement of issues to be decided by said motions. *The parties anticipate filing a motion for protective order concerning confidential information, including information covered by HIPAA.*

*Coconino & Navajo County Defendants: These Defendants will move to dismiss Plaintiff's First Amended Complaint and request that the Court stay discovery pending resolution of their Motion. These Defendants also anticipate filing a motion for summary judgment on the merits of Plaintiffs' claims. ACH Defendants also anticipate filing a motion for summary judgment on the merits of Plaintiffs' claims, as well as possibly motions to exclude or limit Plaintiffs' experts. Wexford anticipates filing dispositive motions and Daubert motions.*

7. **Related Cases**: Any actions, if any, related to this case that are currently pending before other courts, or other judges within the District of Arizona. *The parties are unaware of any related cases.*

8. **Discovery Limitations**: Any proposed deviations from the limitations in discovery established by the Federal Rules of Civil Procedure, and an explanation as to why such changes are necessary and proportional to the needs of this case.

***Rule 30 depositions.***

*Plaintiffs' Proposal:* With the exception of party and expert depositions, the Court limit depositions to five per side (subject to adjustment up to the presumptive limit of ten if good cause is shown). Plaintiff agrees with defendants' proposal that, with the exception of parties and experts, limit the length of depositions to four hours.

*Defendants' Proposal:* Defendants agree that, with the exception of party and expert depositions, the Court should limit depositions to five per side. Defendants object to any additional depositions as an additional ten per side would result in Plaintiff taking 36 depositions, not including experts. Defendants agree to limit all depositions, with the exception of parties and experts, to 4 hours.

**Rule 33 interrogatories.**

*Coconino & Navajo County Defendants:* these Defendants propose that the presumptive written discovery limitation of 25 interrogatories be imposed per party group rather than individual party. Party groups should be defined as: (1) Plaintiff; (2) Navajo County Defendants; (3) Coconino County Defendants; (4) AB Staffing Defendants; (5) ACH Defendants; and (6) Wexford Defendants.

*Plaintiff:* Plaintiff does not oppose construing caps for interrogatories by party group among the Navajo County Defendants, ACH Defendants, and Wexford Defendants, whose involvement in the case is confined to the Navajo County jail. However, because multiple critical incidents occurred within the Coconino County jail involving multiple individual defendants that will need to be explored in discovery, and Plaintiff disagrees with treating the Coconino County Defendants and the AB Staffing Defendants as group defendants for purposes of Rule 33 interrogatory limitations.

***Rule 34 and Rule 36 limitations***.

*Defendants Coconino County, Navajo County, ACH, and Wexford: these defendants propose that Requests for Production and Requests for Admissions be limited to 15 each per party group. Wexford agrees with the limitations proposed by co-defendants.*

*Plaintiff: Plaintiff does not oppose a cap of 15 Rule 34 requests and 15 Rule 36 requests for individual defendants. Because Plaintiff must gather evidence from the entity defendants about both Mr. Benally's care and about Plaintiff's* Monell *claims, Plaintiff proposes a cap of 30 Rule 36 requests and 40 Rule 34 requests for each entity defendant. To aid in specificity of requests, the contemplated Rule 34 requests could each contain subparts relating to the same topic.*

9. **Electronically Stored Information**: Any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced. *The parties anticipate entering into a protocol governing the discovery of ESI. At this time, the parties do not anticipate other issues relating to the discovery or preservation of ESI.*

10. **Request for Jury Trial**: Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the parties shall set forth the reasons why a trial by jury is in dispute. *The parties have requested a jury trial. The request for a jury trial is not in dispute.*

11. **Trial**: The estimated date this matter will be ready for trial, as well as an estimation as to the length of the trial. *The parties estimate that this case will be ready for trial by mid-2026. The parties estimate that the trial will last two weeks.*

*Counsel for the County Defendants, Ashlee Hesman, has been ordered by the Court in Rodrigues v. Wellpath LLC et al, Maricopa County Superior Court, CV 2020-006273 to advise*

*the Court in every proposed scheduling order that trial in the Rodrigues case is set for April 15-17, 21-24, 28-30; and May 1, 5, 2025. Because the Rodrigues case has previously been reset several times due to trial conflicts in other federal cases, the Rodrigues Court requests that this Court not set trial in this matter during the Rodrigues trial.*

    12.    **Case Management Deadlines**:    A proposed list of case management deadlines, including deadlines for the following;

    A.    Mandatory initial disclosures:  *August 20, 2024*

    B.    Motions to amend the pleadings: *October 8, 2024*

    C.    Service of discovery requests: *April 25, 2025*

    D.    Fact witness depositions: *June 18, 2025*

    E.    Close of fact discovery. *June 18, 2025*

    F.    Expert witness disclosures:

    *By Plaintiff: August 4, 2025*

    *By Defendants: September 18, 2025*

    *Rebuttals: October 17, 2025*

    G.    Expert witness depositions: *To be completed by November 7, 2025*

    H.    Discovery-related motions: *To be completed by July19 , 2025*

    I.    Good-faith settlement discussions: *June 25, 2025*

    J.    Dispositive motions: *December 8, 2025*

    13.    **Ancillary Matters**: Any other issues the parties believe should be brought to the Court's attention, or that were unable to be resolved at the Rule 26(f) meeting. *The parties have not identified any additional ancillary disputes.*

Dated: August 8, 2024,					Respectfully submitted,

							By: _/s/ Stephen H. Weil_

							Lee Phillips
							Law Office of Lee Phillips, P.C.
							209 N. Elden Street
							Flagstaff, AZ 86001
							928.779.1560
							928.779.2909
							leephillips@leephillipslaw.com

							Arthur Loevy *admitted pro hac vice*
							Stephen Weil *admitted pro hac vice*
							Maria Makar *admitted pro hac vice*
							Megan Porter *admitted pro hac vice*
							Loevy & Loevy
							311 N. Aberdeen Street
							Chicago, IL 60607
							312-243-5900
							weil@loevy.com

							*Attorneys for Plaintiff*

							By <u>Ashlee B. Hesman [with consent]</u>
							    Ashlee B. Hesman
							    Kristina R. Rood
							    3100 West Ray Road, Suite 300
							    Chandler, Arizona 85226

							*Attorneys for Defendants Coconino County, Coconino County Jail District, James Driscoll, Bret Axlund, Patrick O'Brien, Navajo County, Navajo County Jail District, Ernie Garcia, and David Clouse*

By  /s/ David Stoll [with consent]
David L. Stoll
302 East Coronado Road
Phoenix, Arizona 85004

*Attorneys for Defendants Coconino County, Coconino County Jail District, Lisa Hirsch, Summer Wolfe, Janeen Fraser, Leann James, Sheila Lawver and Shelly Cersosimo*

By: /s/ Sarah L. Barnes [with consent]
Sarah L. Barnes
Lynette Odom
Broening Oberg Woods & Wilson

*Attorneys for ACH, April Perkins and Desiree Shields*

JONES, SKELTON & HOCHULI P.L.C.

By /s/ Brandi Blair [with consent]
Brandi C. Blair
John A. Klecan
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004

*Attorneys for Defendant Wexford Health Sources, Inc.*