John A. Klecan, Bar #019159
Brandi C. Blair, Bar #025944
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1786
Fax: (602) 200-7808
jklecan@jshfirm.com
bblair@jshfirm.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Renalda Benally, as Administrator of the Estate of Gibson Benally, and on her own behalf,<br><br>Plaintiff,<br><br>v.<br><br>Coconino County, Coconino County Jail District; James Driscoll, Sheriff of Coconino County; Bret Axlund, Chief Deputy Sheriff of Coconino County; AB Staffing Solutions LLC; Medical Director Lindsey Robbins; Nurse Supervisor Lisa Hirsch; Nurse Leann James; Nurse Sheila Lawver; Nurse Shelly Cersosimo; Nurse Summer Wolfe; Nurse Fatima Lah; Nurse Dayne Heath; Nurse Janeen Fraser; Nurse Tate; Detention Sergeant Obrien; Navajo County Jail District; Navajo County; David Clouse, Sheriff of Navajo County; Ernie Garcia, Chief Deputy Sheriff of Navajo County; Advanced Correctional Healthcare, Inc.; USA Medical & Psychological Staffing, S.C.; Wexford Health Sources, Inc.; Nurse Deborah Williams; Nurse Desiree Shields; Nurse April Perkins,<br><br>Defendants. | No. 3:24-cv-08049-MTL-DMF<br><br>**Defendant Wexford Health Sources, Inc.'s Objections to Plaintiff's Discovery Requests** |

Plaintiff Renalda Benally has submitted improper discovery requests in several forms:

118534226.1

I.   **INITIAL DISCOVERY**

Plaintiff submitted written discovery in the form of interrogatories, requests for production and requests for admission, which were not in compliance with the Court's Case Management Order of August 13, 2024, Section 3. The Order limited written discovery to 25 requests including subparts for each form of written discovery. On the last date for written discovery, April 25, 2025, Plaintiff submitted over 80 Requests for Admission, Interrogatories with 41 subparts, and Requests for Production with at least 43 subparts.

Wexford, through counsel, responded on May 7 asking Plaintiff to identify "which 25 parts and subparts you want us to answer." (Ex. A). The email also addressed Defendant's concern regarding Plaintiff's wholly deficient discovery responses, to which Plaintiff has yet to respond.

II.   **AMENDED DISCOVERY**

Rather than respond to Defendant's request, Plaintiff sent amended discovery on or about May 17. Plaintiff then clarified by email of May 20 that the amended discovery replaced "all previously served discovery requests." (Ex. B)

While the discovery is addressed to all Defendants, the requests identified as requesting answers or documents from Wexford are still non-compliant. There are 43 subparts for the interrogatories and 35 subparts for the document requests.

The Requests for Admission are broken into two sets, the Wexford specific requests are less than 25.

The Amended Interrogatories and Requests for Production are still non-compliant. Defendant Wexford therefore objects to the Interrogatories and the Requests for Production. The Requests for Admission were sent on May 17 and are therefore due just before the June 18 deadline for fact discovery. Defendant will timely respond to the Request for Admission.

2

118534226.1

**Plaintiff's Rule 30(b)(6)**: Plaintiff served Wexford a Rule 30(b)(6) Notice (Ex C) on May 22. The Notice is improper and is clearly a substitute for the deficient written discovery. As stated in *Cook v. Lynn and William, Inc.*, 344 F.R.D. 149, 154 (D. Mass. 2023), "In short, a Rule 30(b)(6) deposition is not a substitute for interrogatories or written discovery requests." Counsel for Plaintiff is asking Wexford to produce a witness to testify to the details of the intake assessment, administration of medication, Gibson Benally's complaints of back pain, dizziness, shortness of breath, and other symptoms under the first topic and similar detail on 22 other topics. The Notice identified treatment on April 17-18, 2022, even though the Complaint stated that he was transferred from Wexford's care at Navajo County on March 28.

The Notice would in essence require Wexford to produce a witness to testify about all of the claims against, and defenses of, Wexford as to Gibson Benally's medical care, the policies and procedures, the training and supervision of all personnel, the medication process, risk management, quality assurance, prior litigation and insurance coverage.

The *Cook* case, *supra*, explains:

Although a Rule 30(b)(6) deposition may fairly cover all relevant information available to an organization, it is not without its limits. "A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims." *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, Civil Action Nos. 12-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014). "Even under the present-day liberal discovery rules, the recipient of a Rule 30(b)(6) request is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or claim." *Id*.

The Rule 30(b)(6) process is unnecessary where the information can be adequately obtained by written discovery or other depositions, *E.E.O.C. v. Tex. Roadhouse,*

3

*Inc.,* 2014 WL 4471512 (D. Mass.). See also, *In re Independent Service Organizations Antitrust Litigation,* 168 F.R.D. (D. Kan. 1996).

The deposition notice duplicates the Request for Production in many respects. For example, items #1=RFP 6; #5 = RFP 1; #6 = RFP 2; # 17 = RFP 6 and #23 = RFP 12. The proper discovery method for the topics identified in the notice would have been timely written discovery. Clearly a Rule 30(b)(6) deposition is not a practical or appropriate method to achieve the requested discovery. Defendant therefore objects to the notice.

## III.  SUMMARY

Plaintiff's discovery requests, with the exception of her Requests for Admission, do not comply with the Court's Order or the Federal Rules. At this point, any amended discovery requests would be untimely. As noted in previous filings, Plaintiff has failed to timely prosecute her case. As a result, she is now improperly attempting to use 30(b)(6) depositions to wholly replace her failure to properly conduct discovery. Finally, Plaintiff has failed to adequately respond to discovery and has, thus far, failed to respond or otherwise address Defendant Wexford's good faith attempts to remedy those issues. Wexford Health Sources, Inc. therefore, objects to Plaintiff's Interrogatories, Request for Production, and Notice of a Rule 30(b)(6) deposition.

DATED this 11th day of June, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ John A. Klecan
    John A. Klecan
    Brandi C. Blair
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants

4

118534226.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Arthur Loevy
Stephen Weil
Maria Makar
Megan Porter
Loevy & Loevy
311 N. Aberdeen Street
Chicago, IL 60607

Lee Phillips, ASB #009540
Law Office of Lee Phillips, P.C.
209 N. Elden Street
Flagstaff, Az 86001
leephillips@leephillipslaw.com

Attorneys for Plaintiff

Sarah L. Barnes
BROENING OBERG WOODS & WILSON
2800 North Central Avenue
Suite 1600
Phoenix, Arizona 85004
slb@bowwlaw.com
kel@bowwlaw.com
Attorneys for Defendants Advanced Correctional Healthcare, Inc.,
USA Medical & Psychological Staffing, S.C. and April Perkins

Tom Slutes
SLUTES, SAKRISON & ROGERS, P.C.
4801 East Broadway
Suite 301
Tucson, Arizona 85711
tslutes@sluteslaw.com
Attorneys for Defendants Fatima Lah,
Dayne Heath, Tyler Tate & AB Staffing Solutions, LLC

David L. Stoll
N. Patrick Hall
BEAUGUREAU, HANCOCK,
STOLL & SCHWARTZ, P.C.
302 East Coronado Road
Phoenix, Arizona 85004
dstoll@bhsslaw.com
phall@bhsslaw.com
Attorneys for Defendants Leann James and Janeen Fraser

/s/ Pam Pullem

118534226.1