**WO**                                                                                                                              JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renalda Benally,<br><br>    Plaintiff,<br><br>v.<br><br>Coconino County, et al.,<br><br>    Defendants. | No. CV-24-08049-PCT-MTL (MTM)<br><br>**ORDER** |

    Before the Court is Defendants Coconino County, Coconino County Jail District, Navajo County, Navajo County Jail District, Axlund, Clouse, Driscoll, Garcia, and O'Brien's Motion for Entry of Judgment under Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 132.)

**I. Procedural History**

    On March 12, 2024, Plaintiff Renalda Benally, on her own behalf and on behalf of the estate of Gibson Benally, filed a Complaint asserting claims under § 1983 and related state-law claims regarding the death of her father, Gibson Benally ("Benally"), while he was in the custody of Navajo and Coconino Counties. On July 12, 2024, certain Defendants filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 58.)

    On July 30, 2024, Plaintiff filed a First Amended Complaint (FAC) asserting § 1983 medical care claims and related state-law claims. (Doc. 65.) As relevant here, in Count One, Plaintiff alleged that Benally's injuries were caused by Navajo County policies and

widespread practices that "flourished" because Navajo County, Navajo County Jail District, Clouse, and Garcia were indifferent to them. (*Id.*¶ 77.)

In Count Two, Plaintiff claimed Defendants James, Lawver, Cersosimo, Wolfe, Fraser, and O'Brien were aware of Benally's serious medical needs and the risk of harm to Benally if he did not receive appropriate medical care, but despite that knowledge, Defendants failed to provide Benally with proper medical care or access to medical care or intervene to provide such care. (FAC ¶ 79.) Plaintiff alternatively alleged that Benally's injuries were caused by policies and practices of Defendants Coconino County, Coconino County Jail District, Driscoll, Axlund, and Hirsch. (*Id.* ¶ 83.)

Defendants Coconino County, Coconino County Jail District, Navajo County, Navajo County Jail District, Axlund, Cersosimo, Clouse, Driscoll, Fraser, Garcia, Hirsch, James, Lawver, O'Brien, and Wolfe filed a Motion to Dismiss the FAC for failure to state a claim. (Doc. 74.) After briefing, in a March 18, 2025 Order, the Court denied the Motion to Dismiss the original Complaint as moot and granted the Motion to Dismiss the FAC in part and denied it in part. (Doc. 100). As relevant here, the Court denied the Motion to Dismiss as to the Fourteenth Amendment medical care claim in Count Two against Defendants Fraser and James and granted the Motion in all other respects. (*Id.* at 26.) The Court dismissed Count One and Defendants Navajo County, Navajo County Jail District, Coconino County, Coconino County Jail District, Driscoll, Axlund, Clouse, Garcia, Lawver, Cersosimo, Wolfe, O'Brien, and Hirsch without prejudice. (*Id.*)

On April 23, 2025, Plaintiff filed a Motion to Amend/Correct, seeking leave to file a second amended complaint. (Doc. 102.) Defendants opposed the Motion. (Docs. 106, 107, 108, 109, 110.) In a July 24, 2025 Order, the Magistrate Judge denied Plaintiff's Motion to Amend/Correct. (Doc. 129.) Plaintiff did not object to the Order.

**II.     Defendants' Motion**

Defendants Coconino County, Coconino County Jail District, Navajo County, Navajo County Jail District, Axlund, Clouse, Driscoll, Garcia, and O'Brien ask the Court to enter final judgment as to the claims against them. (Doc. 132 at 1.) Defendants argue

that the Magistrate Judge's denial of Plaintiff's motion for leave to file a second amended complaint "foreclosed any possibility of Plaintiff being able to bring or resurrect previously dismissed claims against Dismissed Detention Defendants." (*Id.* at 2.) They contend there is "no just reason to delay" entry of judgment because the claims against them are "separate, distinct, and separable from the [] claims against the remaining Defendants," which "all pertain to the provision of medical care by medical provider Defendants." (*Id.* at 3.)

### III. Legal Standard

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court determines there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case . . . . The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015)). Nonetheless, "whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citation omitted).

The Court must determine (1) whether it has rendered a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action"; and (2) whether there is no just reason for delay. *Id.* at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal citation omitted). In making this determination, it is proper for courts to consider "whether the claims under review were separable from the others

remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*; *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings").

**IV. Discussion**

Even if Plaintiff cannot revive the dismissed claims against Defendants, that does not end the Court's inquiry. Defendants contend that because they are "detention employees," they are unlike the remaining Defendants and claims, "which all pertain to the provision of medical care by medical provider Defendants." (Doc. 132 at 3.) Defendants' argument is unpersuasive. Although there are some distinct reasons for the dismissal of some of the claims that may not overlap with the remaining claims in this action, all the claims in this action arise from the same set of facts, the legal issues are similar, and none of the claims are complicated. Indeed, counsel for these Defendants also represent Defendants Hirsch, Lawver, and Wolfe, medical care providers who were also dismissed but who are not among the Defendants seeking entry of judgment pursuant to Rule 54(b) in this Motion. Furthermore, Coconino County and Navajo County are not "detention employees," and the claims against them are intertwined with the medical care claims.

In determining whether Rule 54(b) certification is appropriate and in the interests of sound judicial administration, the Ninth Circuit Court of Appeals has repeatedly cautioned district courts not to enter Rule 54(b) certification in "ordinary situations." *See*, *e.g.*, *Wood*, 422 F.3d at 879; *Jewel*, 810 F.3d at 628-29. As the Ninth Circuit in *Wood* observed, in "routine" civil rights actions such as this, "it is typical for several claims to be made, based on both state and federal law, and for several theories . . . to be pursued." *Id.* In such cases, requesting or granting a request for certification under Rule 54(b) "is not routine [and] should not become so." 422 F.3d at 879. This is an ordinary situation in which a court

- 4 -

"trim[s] and prune[s] a case to focus on what really is at issue for trial," *id.*, and Defendants have not shown they will suffer a "harsh and unjust result" if the Court does not enter Judgment, *see Morrison-Knudsen*, 655 F.2d at 965.  The Court cannot conclude there is no just reason for delay.  Accordingly, Defendants' Motion will be denied.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is **withdrawn** as to Defendants Coconino County, Coconino County Jail District, Navajo County, Navajo County Jail District, Axlund, Clouse, Driscoll, Garcia, and O'Brien's Motion for Entry of Judgment under Rule 54(b) of the Federal Rules of Civil Procedure.  (Doc. 132).

(2)   Defendants Coconino County, Coconino County Jail District, Navajo County, Navajo County Jail District, Axlund, Clouse, Driscoll, Garcia, and O'Brien's Motion for Entry of Judgment under Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 132) is **denied**.

Dated this 2nd day of September, 2025.

Michael T. Liburdi
United States District Judge