**WO** JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Renalda Benally, | No. CV-24-08049-PCT-MTL (MTM) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Coconino County, et al., | |
| Defendants. | |

Pending before the Court is Defendants Coconino County, Coconino County Jail District, Driscoll, Axlund, O'Brien, Navajo County, Navajo County Jail District, Garcia, and Clouse's Motion for Reconsideration (Doc. 142) of the Court's September 2, 2025 Order (Doc. 138) denying Defendants' Motion for Entry of Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**I.     Background**

Plaintiff Renalda Benally, on her own behalf and on behalf of the estate of Gibson Benally, filed a Complaint asserting claims under § 1983 and related state-law claims regarding the death of her father, Gibson Benally, while he was in the custody of Navajo and Coconino Counties. (Doc. 1.) Subsequently, Defendants Coconino County, Coconino County Jail District, Navajo County, Navajo County Jail District, Axlund, Cersosimo, Clouse, Driscoll, Fraser, Garcia, Hirsch, James, Lawver, O'Brien, and Wolfe filed a Motion to Dismiss the First Amended Complaint for failure to state a claim. (Doc. 74.) The Court granted the Motion to Dismiss in part and denied it in part. (Doc. 100.) As

relevant here, the Court denied the Motion to Dismiss as to the Fourteenth Amendment medical care claim in Count Two against Defendants Fraser and James and granted the Motion in all other respects. (*Id.* at 26.) The Court dismissed Count One and Defendants Navajo County, Navajo County Jail District, Coconino County, Coconino County Jail District, Driscoll, Axlund, Clouse, Garcia, Lawver, Cersosimo, Wolfe, O'Brien, and Hirsch without prejudice. (*Id.*) Plaintiff filed a Motion to Amend/Correct, seeking leave to file a second amended complaint, which the Magistrate Judge denied. (Docs. 102, 129.)

## II.     Defendants' Rule 54(b) Motion and Court's Order

In their Rule 54(b) Motion, Defendants argued that the Magistrate Judge's denial of Plaintiff's motion for leave to file a second amended complaint "foreclosed any possibility of Plaintiff being able to bring or resurrect previously dismissed claims against Dismissed Detention Defendants." (Doc. 132 at 2.) They contended there was "no just reason to delay" entry of judgment because the claims against them are "separate, distinct, and separable from the [] claims against the remaining Defendants," which "all pertain to the provision of medical care by medical provider Defendants." (*Id.* at 3.)

In the September 2, 2025 Order, the Court reasoned that

> although there are some distinct reasons for the dismissal of some of the claims that may not overlap with the remaining claims in this action, all the claims in this action arise from the same set of facts, the legal issues are similar, and none of the claims are complicated. Indeed, counsel for these Defendants also represent Defendants Hirsch, Lawver, and Wolfe, medical care providers who were also dismissed but who are not among the Defendants seeking entry of judgment pursuant to Rule 54(b) in this Motion.

(Doc. 138 at 4.) The Court also noted that Coconino County and Navajo County are not "detention employees," and the claims against them are intertwined with the medical care claims. (*Id.*) The Court determined that Defendants had not shown they would suffer a "harsh and unjust result" if the Court did not enter Judgment; rather, the Court observed, this is "an ordinary situation in which a court "trim[s] and prune[s] a case to focus on what

really is at issue for trial." (*Id.* at 4-5.)

**III.    Governing Standard**

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters that were overlooked or misapprehended by the Court. *Id.* If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. *Id.* No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion that resulted in the Order. *Id.*

**IV.    Analysis**

In their Motion for Reconsideration, Defendants state that defense counsel does not represent (and has not represented) Defendants Hirsch, Lawver, and Wolfe in this lawsuit. (Doc. 142 at 2.) Defendants state that undersigned counsel did not enter an appearance on behalf of Defendants Hirsch, Lawver, and Wolfe, and although they are listed as counsel of record for them on the docket, this appears to be a clerical error. (*Id.*) Defendants ask the Court to reconsider the September 2, 2025 Order to the extent the Court based its denial of the Dismissed Detention Defendants' Motion on this mistake of fact.

The Court will deny the Motion for Reconsideration. Even if defense counsel does not represent the dismissed medical care Defendants, that does not affect the Court's analysis or conclusion. The Court did not deny Defendants' Motion for Entry of Judgment solely because the Court's docket erroneously listed the same counsel for these Defendants and the remaining Defendants. In some cases, having the same counsel could increase the likelihood of duplicative appeals, which is a factor the Court must consider before entering a final judgment as to some, but not all, Defendants. *See Wood v. GCC Bend, LLC*, 422

- 3 -

1  F.3d 873, 878 (9th Cir. 2005) (citation omitted). However, the Court's reasoning centered around the similarity of the underlying facts and the fact that the claims against the remaining Defendants are, at least in part, intertwined with the claims against remaining medical Defendants. Defendants fail to address this basis for the Court's decision and therefore offer no valid reason for the Court to reconsider its decision.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to the Motion for Reconsideration (Doc. 142).

(2) The Motion for Reconsideration (Doc. 142) is **denied**.

(3) All other matters **must remain** with the Magistrate Judge for disposition as appropriate.

Dated this 19th day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge